# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| IN RE: ) | | |
| BURCH COMPANY, ) | | |
| ) | | |
| Debtor. ) | | |
| ) | | |
| ROBERT R. DUNN, Chapter 11 Trustee, ) | | |
| ) | | |
| Plaintiff-Appellee, ) | | |
| ) | | |
| vs. ) | CIVIL NO. 3:05-CV-240-W | |
| ) | | |
| THOMAS B. BURCH, ) | | |
| ) | | |
| Defendant-Appellant. ) | | |
| ) | | |
| ROBERT R. DUNN, Chapter 11 Trustee, ) | | |
| ) | | |
| Plaintiff-Appellee, ) | | |
| ) | | |
| vs. ) | CIVIL NO. 3:05-CV-241-W | |
| ) | | |
| CARL JAMES BURCH, ) | | |
| ) | | |
| Defendant-Appellant. ) | | |

**ORDER**

THIS MATTER is before the Court on two related appeals from adversary proceedings held before the bankruptcy court, which the Court consolidates for decision on its own motion.

The applicable standard of review on an appeal is set forth in Bankruptcy Rule 8013, which provides: "On an appeal the district court . . . may affirm, modify or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact,

whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ." The bankruptcy court's legal determinations are reviewed *de novo*, see In re Varat Enterprises, Inc., 81 F.3d 1310, 1314 (4th Cir. 1996), but the bankruptcy court's decisions to enter or vacate judgment by default or to impose sanctions, unless rooted in an error of law, are subject to the more deferential abuse of discretion standard of review. In re Thomas Consolidated Indus., 456 F.3d 719, 724 (7th Cir. 2006); In re Hamlett, 322 F.3d 342, 345 (4th Cir. 2003).

A succinct history of the proceedings below are set forth as follows: On 25 October 2004, the Debtor's duly appointed Chapter 11 Trustee commenced separate adversary proceedings in bankruptcy against each Defendant, alleging that they were the recipients of various fraudulent and preferential transfers made by the Debtor to the Defendants. Defendants failed to timely answer the complaints, and default was entered against them upon motion of the Trustee. In January 2005, the Trustee moved for default judgment, and the Defendants made an appearance in the suit *pro se*, seeking the bankruptcy court's reconsideration of its entry of default. Following an evidentiary hearing held 8 February 2005, the bankruptcy court entered an Order denying the Trustee's motion for default judgment and vacating the entry of default, conditioned upon Defendants' payment of Plaintiff's costs and attorneys' fees related to prosecuting the default. The Order specifically admonished Defendants that failure to comply with the condition would have the effect of negating the relief from default.

Counsel for the Debtor's estate thereafter submitted a request for payment of $8,129.00 in legal fees for the relevant matters. Defendants filed objections not to the times or amounts of fees requested but rather to having to pay any attorneys' fees at all, alleging, *inter alia*, that the bankruptcy court's Order was "unfair" and that they could neither afford to pay the fees or hire an

2

attorney to represent them in the adversary proceeding. Defendants also filed *pro se* answers, generally denying the allegations in the complaint. The bankruptcy court set the matter for hearing, which Defendant Thomas Burch attended but Defendant Carl Burch did not. In two separate Orders entered 11 May 2005, the bankruptcy court found that Defendant Carl Burch had never appeared in person or through counsel at any scheduled hearing; that the Defendants had not met the conditions of the court's prior Order requiring payment of the fees; and that the Defendants had not diligently or in good faith pursued the conditional second chance offered to them, in that Defendants actions had all been designed to delay and frustrate the Trustee's pursuit of claims on behalf of the Debtor's estate.

Defendants essentially argue that it was error for the bankruptcy court to condition relief from default on the payment of the bankruptcy estate's attorneys' fees, citing the fact that neither Fed. R. Civ. P. 55(c) (governing setting aside a default) nor any other provision of the applicable rules of procedure or Bankruptcy Code specifically confers that authority on the bankruptcy court. However, it has long been recognized that courts possess the "inherent power" to impose reasonable conditions on relief from a default. See 10A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2700 (3d ed. 2006). Ample and unimpeachable authority holds that this inherent power includes the authority to condition relief from default on payment of the opposing party's attorneys' fees and costs incurred in securing the entry of a default. See, e.g., Coon v. Grenier, 867 F.2d 73, 79 (1st Cir. 1989); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir. 1988); United States Fidelity & Guarantee Co. v. Petroleo Brasileiro S.A., 220 F.R.D. 404, 407 (S.D.N.Y. 2004); Richardson v. Nassau County, 184 F.R.D. 497, 503-04 (E.D.N.Y. 1999); James Electric Co. v. Cougar Enterprises, Inc., 111 F.R.D. 324, 326 (D.D.C. 1986); Gerlach

3

v. Michigan Bell Telephone Co., 448 F. Supp. 1168, 1175 (E.D. Mich. 1978); Wilcox v. Triple D Corp., 78 F.R.D. 5, 7-8 (E.D. Va. 1978). The purpose of such a condition is to ameliorate much of the prejudice sustained by the plaintiff on account of the defaulting defendant's failure to timely answer the complaint, a factor which courts in this circuit must consider before setting aside a default or default judgment. Carbon Fuel Co. v. USX Corp., 1998 WL 480809, at *3 (4th Cir. 1998); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988). Accordingly, the bankruptcy court's decision to condition relief from default on payment of Plaintiff's reasonable costs and attorneys' fees was not erroneous.

Defendants' reply briefs also suggest that it was error for the bankruptcy court to reinstate the default (and enter default judgment thereon) over Defendants' written and oral objections that they cannot afford to pay the required fees. It is clearly proper for a court to take a party's financial resources into account when ordering remedial sanctions. Robinson v. Yellow Freight System, 132 F.R.D. 424, 429 (W.D.N.C. 1990); E.E.O.C. v. Otto, 75 F.R.D. 624, 628 (D.Md. 1976). It has even been suggested that a court which conditions relief from entry of default upon the performance of an impossible condition (such as payment of fees the defendant cannot afford) effectively denies the requested relief and should be reviewed on appeal accordingly. Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Thus, in circumstances where a litigant claims indigence as a defense to payment of monetary sanctions, the court must consider whether the particular equities of the case favor proceeding on the merits notwithstanding the litigant's inability to mitigate the added financial burden he has placed on his adversary, or alternatively whether the ultimate sanction of terminating the litigation is warranted. Cf. Robinson, 132 F.R.D. at 428 (noting that dismissal is a proper sanction where orderly progression of the litigation had been frustrated by

4

plaintiff's bad faith conduct and plaintiff's indigence would render monetary sanctions ineffective).

Assuming without deciding that Defendants adequately supported their claim of indigence in the course of the proceedings below, the bankruptcy court nevertheless did not err by entering default judgment against them. Accord Hawaii Carpenters' Trust Funds, 794 F.2d at 513. In order to secure relief from entry of a default, it is well settled that a party cannot rely on a general denial of liability but must proffer specific facts supporting a meritorious defense. Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp., 383 F.2d 249, 251-52 (4th Cir. 1967). However, in the proceedings below, the bankruptcy court found that Defendant Thomas Burch filed a "one sentence purported 'answer' denying all allegations in the Complaint," while Defendant Carl Burch filed a "rambling purported 'answer,' in substance denying generally all allegations of the Complaint." Neither of these filings is sufficient to meet the heightened pleading requirements necessary to justify relief from the entry of a default, thus supporting the bankruptcy court's findings that Defendants had not acted in good faith upon being granted conditional relief from the entry of default, but had really sought only to obfuscate and delay the proceedings. These findings are unchallenged by Defendants and are not clearly erroneous. Under the circumstances as properly weighed by the bankruptcy court, therefore, it was not an abuse of discretion to revoke the relief from default and enter judgment by default against the Defendants.

Finding no errors of law or abuse of discretion, the judgment of the bankruptcy court is in both cases, therefore, AFFIRMED.

Signed: November 5, 2006

Frank D. Whitney
United States District Judge